BENIGNO RAMÍREZ, Father with *patria potestas* over his minor children, Plaintiff and Appellant, *v.* SALOMÉ RAMÍREZ-NADAL ET AL., Defendants and Appellees.

No. 4578. Argued June 11, 1928.—Decided July 28, 1928.

*A. Arnaldo Sevilla* for the appellants. *Pascasio Fajardo Martínez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Mayagüez rendered an opinion and judgment in which it held in substance that this was an action to deny the existence of a servitude and hence to require the defendants to close certain windows, to get rid of certain overhanging structure (*voladizo*) and certain other features;

that the house of the defendants was separated from the house of the complainants by a party wall, although originally a single house with a single story existed; that the defendants determined to build a second story and obtained the consent of the complainants, and at the same time the defendants agreed to permit the complainants to build the wall and to introduce a drainage arrangement; that a condition of the contract was that the defendants could build in its present form, provided that if complainants elected to build on their part of the structure the objectionable features were to be eliminated or removed; that certain defects do not exist; that the main complainant was present from day to day while the building operations were going on and offered no objection; that under the circumstances no servitude existed as defendants were bound to eliminate the objectionable features when and only when the complainants decided to build. The court decided in favor of the defendants.

On appeal the complainants filed a brief. The appellees moved to dismiss because the brief contained no due assignment of errors and no due specification of the pages of the record on which the evidence was to be found that was to support the conclusions of appellants. At the date set for the hearing of the motion to dismiss the appellants filed an amended brief, although without permission of this court. This amended brief contains no assignment of errors as we have defined it in frequent opinions. The particular parts of the record on which appellants rely are still not pointed out. The brief does not purport to expound the facts from which error was to be deduced. To this the appellants draw our attention in a supplemental writing.

The brief of the appellants is short and we might perhaps condone the failure of the appellants to comply with the rules if we were convinced of error or had serious doubts. We have, however, examined the evidence and the brief and we have reached the conclusion that the appellants could not

satisfy us that the judgment should be reversed. In other words, we think that the appellants not only failed to comply with the rules of this court, but that the appeal is a frivolous one.

The motion will be granted and the appeal dismissed.